UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

OPTIV SECURITY INC.,                    )
                                        )
                                        )        Case No.
                    Plaintiff,          )
                                        )
v.                                      )
                                        )
TEAMHEALTH, LLC and                     )
                                        )
AMERITEAM SERVICES, LLC,                )
                                        )
                    Defendants.         )

**COMPLAINT FOR DAMAGES**

Plaintiff Optiv Security Inc. ("Optiv" or the "Company"), for its Complaint for Damages

against Defendants TeamHealth, LLC ("TeamHealth") and AmeriTeam Services, LLC

("AmeriTeam") (collectively referred to herein as "Defendants"), states as follows:

**INTRODUCTION**

1.      This action arises out of Defendants' failure to properly render payment to Optiv

for services Optiv provided to Defendants pursuant to a binding contract.

2.      On April 13, 2016, Optiv and AmeriTeam entered into a Master Agreement

whereby Optiv was to provide consulting services to AmeriTeam related to cyber-security

services, software, and hardware.

3.      As part of that engagement, on or about November 16, 2017, and December 18,

2017, Optiv and AmeriTeam entered into two Statements of Work ("SOW") for Optiv to install

to provide services related to cyber-security software and hardware.[1]

---

[1] Because of the highly confidential nature of the cyber security services provided to Defendants
by Optiv, and to protect Defendants from any misuse of information provided in the SOW
between the parties, Optiv is not attaching the SOW to this Complaint. However, a copy of the
SOW will be provided and filed under seal later during this litigation.

68608087.3

4.     The Master Agreement and SOW incorporates Terms and Conditions that govern the Master Agreement, SOW and the parties' relationship.

5.     Throughout the end of 2017 and into 2018, Optiv completed its obligations under the SOW and Master Agreement.

6.     Defendants failed to remit payment for the work performed by Optiv pursuant to the terms of the SOW, totaling $107,821.02.

## PARTIES AND JURISDICTION

7.     This is an action seeking contractual monetary damages and other relief based on Defendants' breach of the SOW.

8.     Optiv is a Delaware corporation, operating its principal place of business at 1144 15th Street, Suite 2900, Denver, Colorado 80202.

9.     TeamHealth is a Tennessee limited liability company with its principal place of business at 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee 37919. Upon information and belief, TeamHealth may be served with process via its registered agent, The Prentice-Hall Corporation System, Inc., at 2908 Poston Ave. Nashville, TN 37203-1312.

10.     AmeriTeam is a Tennessee limited liability company with its principal place of business at 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee 37919. Upon information and belief, AmeriTeam may be served with process via its registered agent, The Prentice-Hall Corporation System, Inc., at 2908 Poston Ave. Nashville, TN 37203-1312.

11.     TeamHealth owns and controls the operations of AmeriTeam.

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds $75,000.00.

13.     This Court has supplemental subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

15.     Optiv is engaged in the business of providing cyber security and related services to companies throughout the United States.

16.     On April 13, 2016, Optiv and AmeriTeam entered into a Master Agreement whereby Optiv was to provide consulting services to AmeriTeam related to cyber-security services, software, and hardware.

17.     On or about November 16, 2017, and December 18, 2017, as part of the Master Agreement, Optiv and AmeriTeam entered into a SOW for Optiv to provide services related to cyber-security software and hardware.

18.     The Master Agreement and SOW incorporate General Terms and Conditions that govern the SOW and the parties' relationship.

19.     The SOW's provided for Optiv to provide certain cyber security services in multiple phases for AmeriTeam for an amount of approximately $553,991.00. December 18, 2017 SOW at p. 18; November 16, 2017 SOW at p. 9.

20.     The General Terms and Conditions provide that, "invoices are due and payable by [AmeriTeam] in full within thirty (30) days from [AmeriTeam's] receipt of the invoices." General Terms and Conditions at ¶ 3.

21.     The General Terms and Conditions provide that, "[i]f . . . either party elects to initiate litigation, the prevailing party shall be entitled to recover from the non-prevailing party any and all costs and expenses incurred by the prevailing party, including but not limite to reasonable attorneys' fees, court costs, and expert fees." General Terms and Conditions at ¶ 9(g).

22.     Throughout the end of 2017 and into 2018, Optiv completed its obligations under certain phases of the SOW and Master Agreement.

23. Pursuant to the SOW and Master Agreement, Optiv sent invoices for the work it performed to Defendants. These invoices were sent on March 3, 2018; May 10, 2018; June 5, 2018; July 3, 2018; and July 18, 2018.

24. The amount owed to Optiv by Defendants for the work performed is $107,821.02.

25. Defendants failed to remit payment for the work performed by Optiv.

26. Defendants never disputed any of the invoices within a five (5) day period as set forth in the SOW.

27. Because Defendants failed to pay the amounts owed Optiv, on August 20, 2018, Optiv sent a letter to Defendants demanding payment under the SOW.

28. On September 11, 2018, Defendants responded to Optiv refusing to remit payment and raising allegations as to why it was not responsible for payment.

29. On November 21, 2018, after investigating all of Defendants' allegations, Optiv responded to Defendants' with factual statements rebutting Defendants' allegations and, again, demanding payment for the services provided.

30. Defendants failed to respond to Optiv's November 21, 2018 correspondence.

31. To this date, Defendants have still failed to pay its obligations under the SOW.

**COUNT I**
**BREACH OF CONTRACT**

32. Optiv incorporates the allegations in paragraphs 1 through 31 of this Complaint as previously set forth above.

33. The Master Agreement and SOW are valid and enforceable contracts between Optiv and Defendants.

34. Optiv fully performed its obligations under the SOW.

35. Defendants breached the terms of the Master Agreement and SOW by wrongfully denying Optiv the compensation due pursuant to the agreements.

36.     As a direct and proximate result of Defendants' breach of their obligations under the SOW, Optiv has been damaged in an amount no less than $107,821.02.

WHEREFORE, Plaintiff prays that this Court enter judgment in this case which declares:

A.     An award of damages in the amount of no less than $107,821.02;

B.     An award reimbursing Optiv for its costs, interest, and attorneys' fees in pursuing this action; and

C.     Such other relief as this Court deems just and appropriate.

## COUNT II
## UNJUST ENRICHMENT/QUANTUM MERUIT

37.     Optiv incorporates the allegations in paragraphs 1 through 36 of this Complaint as previously set forth above.

38.     Optiv conferred a benefit upon Defendants by providing the installation and creation of cyber security services to Defendants.

39.     Defendants were fully aware that they received these services from Optiv.

40.     Defendants' acceptance of the services Optiv provided without compensating Optiv for the value of its work and efforts unjustly enriches Defendants.

WHEREFORE, Plaintiff prays that this Court enter judgment in this case which declares:

A.     An award of damages in the amount of no less than $107,821.02;

B.     An award reimbursing Optiv for its costs, interest, and attorneys' fees in pursuing this action; and

C.     Such other relief as this Court deems just and appropriate.

## JURY DEMAND

Optiv requests a trial by jury.

68608087.3

Respectfully submitted,

*/s/ Michael A. Malone*
_____
John W. Peterson (BPR # 26136)
Michael A. Malone (BPR # 31219)
Polsinelli PC
401 Commerce Street, Suite 900
Nashville, TN 37219
Tel: (615) 259-1510
Fax: (615) 259-1573
john.peterson@polsinelli.com
mmalone@polsinelli.com

ATTORNEYS FOR OPTIV SECURITY INC.